UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CONSTANTINO JIMENEZ ZAGAL and STEPHANIE LIRIANO, individually and on behalf of all other persons similarly situated who were employed by NOSTRAND MEAT, CORP. d/b/a THE MEAT PLACE; NOSTRAND II MEAT CORP., d/b/a THE MEAT PLACE PLUS and MEAT PALACE CORP. d/b/a THE MEAT PALACE,

Plaintiffs,

- against -

NOSTRAND MEAT, CORP. d/b/a THE MEAT PLACE; NOSTRAND II MEAT CORP., d/b/a THE MEAT PLACE PLUS; MEAT PALACE CORP. d/b/a THE MEAT PALACE and any other entities affiliated with or controlled by NOSTRAND MEAT, CORP. d/b/a THE MEAT PLACE; NOSTRAND II MEAT CORP., d/b/a THE MEAT PLACE PLUS; MEAT PALACE CORP. d/b/a THE MEAT PALACE and ANTHONY MARCHESE and PETER SILLS, individually,

Defendants.

**Case No.:** 17-cv-3019

**CLASS ACTION COMPLAINT**

The Named Plaintiffs, by their attorneys, Virginia & Ambinder, allege upon knowledge to themselves and upon information and belief as to all other matters as follows:

**PRELIMINARY STATEMENT**

1. This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§, 206, 207 and 216(b), New York Labor Law § 190 *et seq.*, New York Labor Law §§ 633 and 650 *et seq.*; 12 New York Codes, Rules, and Regulations (hereinafter referred to as "NYCRR") §§ 137-1.2, 137-1.3 and §§ 146 *et seq.*; to recover unpaid minimum wages, overtime compensation and spread of hours compensation, as well as damages arising from Defendants' failure to provide wage statements and notices owed to CONSTANTINO JIMENEZ ZAGAL aka EDDIE and STEPHANIE LIRIANO (hereinafter referred to as the "Named Plaintiffs"), and all similarly situated persons (hereinafter collectively "Plaintiffs") who are presently or were formerly employed by NOSTRAND MEAT, CORP.

d/b/a THE MEAT PLACE, NOSTRAND II MEAT CORP., d/b/a THE MEAT PLACE PLUS, MEAT PALACE CORP. d/b/a THE MEAT PALACE ("Collectively "Corporate Defendants"), ANTHONY MARCHESE (hereinafter "Marchese") and PETER SILLS (hereinafter "Sills") and/or any other entities affiliated with or controlled by Nostrand Meat Corp. and/or Nostrand II Meat Corp. and/or The Meat Palace Corp. and/or Anthony Marchese and/or Peter Sills (hereinafter collectively referred to as "Defendants" or "Defendants' supermarkets").

2. Beginning in approximately May 2011 and, upon information and belief, continuing through the present, Defendants have engaged in a policy and practice of failing to pay their employees all hours worked up to forty (40) hours per week, at the minimum wage rate as required by applicable federal and state law.

3. Beginning in approximately May 2011 and, upon information and belief, continuing through the present, Defendants have engaged in a policy and practice of requiring their employees to regularly work in excess of forty (40) hours per week, without providing overtime compensation as required by applicable federal and state law.

4. Beginning in approximately May 2011 and, upon information and belief, continuing through the present, Defendants have engaged in a policy and practice of requiring their employees to regularly work in excess of ten (10) hours per day, without providing an additional hour's wage, as required by applicable New York State law.

5. Beginning in approximately May 2011, and upon information and belief, continuing through the present, Defendants have engaged in a policy and practice of failing to provide their employees with wage notices and wage statements in their primary language, as required by applicable New York State law.

6. Under the direction of Defendants' corporate officers and/or directors, Anthony Marchese and Peter Sills, Defendants instituted this practice of depriving their employees of the

minimum wage for all hours worked up to forty (40) in one week, overtime compensation for work performed in excess of forty (40) hours per week, spread of hours compensation on days when the Named Plaintiffs and the putative class were scheduled to work a shift longer than ten (10) hours in one day, wage notices and wage statements in Plaintiff's primary language, as mandated by federal and state law.

7. The Named Plaintiffs have initiated this action seeking for themselves, and on behalf of all similarly situated employees, compensation, including unpaid minimum wages and overtime compensation and unpaid "spread of hours" compensation, as well as damages resulting from Defendants' failure to provide their employees with wage notices and statements, plus interest, damages, attorneys' fees, and costs.

## JURISDICTION

8. Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. §216(b), and 28 U.S.C. §1331 and 1337. This court also has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under the New York Labor Law.

## VENUE

9. Venue for this action in the Eastern District of New York under 28 U.S.C. § 1391(b) is appropriate because a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District of New York.

## THE PARTIES

10. Named Plaintiff Eddie Jimenez Zagal is an individual who resides in New York and formerly worked for Defendants in the dairy and frozen foods departments, as well as a grocery stocker at Defendants' supermarket locations, from approximately September 2015 through May 2016.

11. Named Plaintiff Stephanie Liriano is an individual who resides in New York and formerly worked for Defendants in the deli department at Defendants' supermarket locations, from approximately October 2015 through December 2015.

12. Upon information and belief, Defendant Nostrand Meat Corp. is a corporation incorporated under the laws of the State of New York, with its principal place of business at 1889 Nostrand Ave. Brooklyn, NY 11226, and is engaged in the supermarket business.

13. Upon information and belief, Defendant Nostrand II Meat Corp. is a corporation incorporated under the laws of the State of New York, with its principal place of business at 1421 Nostrand Ave., Brooklyn, NY 11229, and is engaged in the supermarket business.

14. Upon information and belief, Defendant The Meat Palace Corp. is a corporation incorporated under the laws of the State of New York, with its principal place of business at 1811 Church Ave. Brooklyn, New York 11226, and is engaged in the supermarket business.

15. Upon information and belief, Defendants Anthony Marchese and Peter Sills, are residents of 45 86th St. Brooklyn, NY 11209 and 1423 Nostrand Ave. Brooklyn, NY 11226 respectively, and are, and at all relevant times were, officers, directors, presidents, vice presidents, and/or owners of The Meat Place, The Meat Place Two, and the Meat Palace.

## CLASS ALLEGATIONS

16. This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), and as a Class Action under Rule 23 of the Federal Rules of Civil Procedure (hereinafter referred to as the "FRCP") with respect to the New York Labor Law claims asserted herein.

17. This action is brought on behalf of the Named Plaintiffs and a class consisting of similarly situated employees who performed work for Defendants as grocery handlers, grocery

stockers, deli personnel, meat department workers, freezer department workers, and other supermarket related jobs, other than office and executive personnel.

18. The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of 40 employees. In addition, the names of all potential members of the putative class are not known.

19. The questions of law and fact common to the putative class predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to, (1) whether the Defendants failed to pay the minimum wage for all hours worked; (2) whether the Defendants failed to pay overtime wages, at the rate of one and one half times the regular rate of pay, for all hours worked in excess of forty (40) hours in any given week; (3) whether the Defendants failed to pay spread of hours compensation on those days when Plaintiffs' shifts exceeded ten (10) hours in one day; and (4) whether the Defendants failed to provide wage notices and wage statements in Plaintiffs' primary language.

20. The claims of the Named Plaintiffs are typical of the claims of the putative class. The Named Plaintiffs and putative class are all subject to Defendants' policies and willful practices of (1) failing to pay the minimum wage for all hours worked, (2) failing to pay overtime wages, at the rate of one and one half times the regular rate of pay, for all hours worked in excess of forty (40) hours in any given week, (3) failing to pay spread of hours compensation even though Plaintiffs' shifts regularly exceeded ten (10) hours in one day; and (4) failing to provide wage notices and wage statements in Plaintiffs' primary language. The Named Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class. The Named Plaintiffs have retained counsel experienced in complex wage and hour class action litigation.

21. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The Named Plaintiffs and putative class lack the financial resources to adequately prosecute separate lawsuits against Defendants. A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendants' policies.

**FACTS**

22. Beginning in approximately May 2011, Defendants hired the Named Plaintiffs and other members of the putative class to perform work in Defendants' two supermarket locations as grocery stockers, deli, dairy and frozen foods department workers and other related jobs.

23. Named Plaintiff Jimenez Zagal worked for Defendants from approximately September 2015 until May 2016. He was hired to perform work at the dairy and frozen departments, as well as stocking and packaging groceries.

24. While employed by Defendants, Named Plaintiff Jimenez Zagal worked approximately 14 hours per day, six days per week. He was paid between $600.00 and $620.00 per week in cash.

25. Named Plaintiff Stephanie Liriano worked for Defendants from approximately October 2015 through December 27, 2015. She was hired to perform work in the delicatessen area.

26. While employed by Defendants, Named Plaintiff Liriano worked approximately 14 to 15 hours per day, six days per week. He was paid between $325.00 and $500.00 per week in cash.

27. The Named Plaintiffs performed work at Defendants' supermarket locations, and

based on conversations with their co-workers found that they and their co-workers (1) were all paid in the same manner, in that they were paid flat weekly rates irrespective of the hours worked, where the weekly rate often fell below the minimum wage rate; (2) were not paid at the overtime rate for the hours worked over forty each week; (3) were not paid spread of hours compensation although they typically worked more than ten hours per day; and (4) were not provided wage statements and wage notices.

28. Moreover, the Named Plaintiffs, and upon information and belief, members of the putative class, were not paid for the first week of work performed at Defendants' supermarkets, as they were told by Defendants it was "training".

29. Upon information and belief, Defendants Anthony Marchese and Peter Sills, were officers, directors, shareholders, and/or presidents or vice presidents of the Corporate Defendants, and (i) had the power to hire and fire employees for these entities; (ii) supervised and controlled employee work schedules or conditions of employment for these entities; (iii) determined the rate and method of payment for Defendants' employees; and (iv) maintained employment records for Defendants.

30. Upon information and belief, Defendants Anthony Marchese and Peter Sills dominated the day-to-day operating decisions of the Corporate Defendants, made major personnel decisions for Corporate Defendants, and had complete control of the alleged activities of Corporate Defendants, which give rise to the claims brought herein.

31. Upon information and belief, Defendants Anthony Marchese and Peter Sills were supervisors, officers and/or agents of Corporate Defendants, who acted directly or indirectly in the interest of Corporate Defendants, and are employers within the meaning of the Fair Labor Standards Act. Anthony Marchese and Peter Sills in their capacity as officers, directors,

shareholders, and/or presidents or vice presidents, actively participated in the unlawful method of payment for Corporate Defendants' employees.

32. Upon information and belief, Defendants have engaged and continue to engage in interstate commerce within the meaning of the FLSA at all times relevant herein, in that they: (i) have had and continue to have an annual gross volume of sales of not less than $500,000 at all times relevant to this action; and (ii) have had and continue to have employees working with and/or selling goods and materials that have been shipped into this state from other states.

33. At all times relevant to this action, Defendants were and are enterprises as defined in Sec. 3(r) of the FLSA, 29 U.S.C. § 203(r).

34. Upon information and belief, Defendants Anthony Marchese and Peter Sills and the Defendant supermarkets operate as part of an integrated enterprise that employed or jointly employed the Named Plaintiffs and members of the putative collective at all relevant times.

35. Defendants are a single and/or joint employer under New York Labor Law in that they share a common business purpose and ownership, maintain common control, oversight and direction over the operations of the work performed by Plaintiffs, including payroll practices. Upon information and belief, each Defendant has had substantial control of Plaintiffs' working conditions and over the unlawful policies and practices alleged herein.

36. The Named Plaintiffs and the putative collective performed worked at Defendants' supermarket locations. Defendants' supermarkets shared identical payroll and timekeeping policies and procedures.

37. At all times relevant to this action, Anthony Marchese and Peter Sills were officers, presidents, owners and/or shareholders of the Corporate Defendants. The Named Plaintiffs and other members of the putative class performed labor at Defendants' supermarkets,

for the benefit of and at the direction of Defendants Anthony Marchese and Peter Sills.

38. Several of the Named Plaintiffs' co-workers performed work at one or more of Defendant' supermarket locations, and often discussed not receiving all minimum wages earned, all earned overtime wages at one and one-half the regular hourly rate for all hours over forty (40) worked each week, and not receiving paystubs and wage notices from Defendants.

39. The Named Plaintiffs and their co-workers discussed the fact that this occurred at all of Defendants' supermarkets.

40. While working for Defendants, the Named Plaintiffs and the members of the putative class were regularly required to perform work for Defendants without receiving the minimum wage for all hours worked up to forty (40) in a week, as required by applicable federal and state law.

41. While working for Defendants, the Named Plaintiffs and the members of the putative class were regularly required to perform work for Defendants in excess of forty (40) hours per week, without receiving overtime compensation as required by applicable federal and state law.

42. While working for Defendants, the Named Plaintiffs and the members of the putative class were not paid an additional hour's wage on the days they were required to work a shift exceeding ten (10) hours in one day.

43. While working for Defendants, the Named Plaintiffs and the members of the putative class did not received wage notices and statements in their primary language.

44. Upon information and belief, Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and applicable State law by failing to maintain proper and complete timesheets or payroll records.

# FIRST CAUSE OF ACTION AGAINST DEFENDANTS: <u>FLSA MINIMUM WAGE COMPENSATION</u>

45. The Named Plaintiffs repeat and incorporate by reference all preceding paragraphs.

46. Pursuant to 29 U.S.C. § 206, "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: (1) except as otherwise provided in this section, not less than— (A) $5.85 an hour, beginning on the 60th day after May 25, 2007; (B) $6.55 an hour, beginning 12 months after that 60th day; and (C) **$7.25 an hour, beginning 24 months after that 60th day.**"

47. Further, pursuant to 29 U.S.C. § 203(d), an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization."

48. The Named Plaintiffs and other members of the putative class are employees, within the meaning contemplated in Fair Labor Standards Act ("FLSA"), 29 U.S.C. §203(e).

49. Corporate Defendants are employers within the meaning contemplated in the FLSA, 29 U.S.C. § 203(d).

50. Pursuant to 29 U.S.C. § 203(d) and the cases interpreting the same, Anthony Marchese and Peter Sills, are defined as "employer(s)" for the purpose of FLSA and, consequently, are liable for violations of FLSA.

51. Defendants failed to pay Named Plaintiffs and other members of the putative class all earned minimum wages for the time they worked for Defendants in any given week.

52. The failure of Defendants to pay Named Plaintiffs and other members of the putative class their rightfully owed wages was willful.

53. By the foregoing reasons, Defendants are liable to Named Plaintiffs and members of the putative class in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

## SECOND CAUSE OF ACTION AGAINST DEFENDANTS: FLSA OVERTIME COMPENSATION

54. The Named Plaintiffs repeat and incorporate by reference all preceding paragraphs.

55. Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

56. Defendants failed to pay the Named Plaintiffs, and upon information and belief, other members of the putative class, overtime wages at the rate of one and one half times the regular rate of pay, for the time in which they worked after the first forty (40) hours in any given week in violation of 29 U.S.C. § 207.

57. The failure of Defendants to pay the Named Plaintiffs and other members of the putative class, their rightfully owed overtime compensation was willful.

58. By the foregoing reasons, Defendants are liable to the Named Plaintiffs and members of the putative class in an amount to be determined at trial, plus liquidated damages in

the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

## THIRD CAUSE OF ACTION AGAINST DEFENDANTS: NYLL FAILURE TO PAY WAGES

59. The Named Plaintiffs repeat and incorporate by reference all preceding paragraphs.

60. Pursuant to Article Six of the New York Labor Law, workers, such as the Named Plaintiff and other members of the putative class, are protected from wage underpayments and improper employment practices.

61. Pursuant to Labor Law § 190, the term "employee" means "any person employed for hire by an employer in any employment."

62. As persons employed for hire by Defendants, the Named Plaintiffs and other members of the putative class are "employees," as understood in Labor Law § 190.

63. Pursuant to Labor Law § 190, the term "employer" includes any "person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service."

64. As entities that hired the Named Plaintiff and other members of the putative class, the Corporate Defendants are "employers."

65. Upon information and belief, pursuant to New York Labor Law § 190 and the cases interpreting same, Anthony Marchese and Peter Sills are "employer(s)".

66. The Named Plaintiffs' and other members of the putative class' agreed upon wage rate and/or overtime compensation rate was within the meaning of New York Labor Law §§ 190, 191.

67. Pursuant to Labor Law § 191 and the cases interpreting same, workers such as the

Named Plaintiff and other members of the putative class are entitled to be paid all their weekly wages "not later than seven calendar days after the end of the week in which the wages are earned."

68. In failing to pay the Named Plaintiffs and other members of the putative class proper wages, and overtime payments for time worked after forty hours in one week, Defendants violated Labor Law § 191, by failing to pay the Named Plaintiff and other members of the putative class all of their wages earned within the week such wages were due.

69. Pursuant to Labor Law § 193, "No employer shall make any deduction from the wages of an employee," such as the Named Plaintiffs and other members of the putative class, that is not otherwise authorized by law or by the employee.

70. By withholding wages, and overtime compensation from the Named Plaintiffs and other members of the putative class, pursuant to New York Labor law § 193 and the cases interpreting same, Defendants made unlawful deductions in wages owed to the Named Plaintiffs and other members of the putative class.

71. Upon information and belief, Defendants' failure to pay the Named Plaintiffs and other members of the putative class wages and overtime compensation week was willful.

72. By the foregoing reasons, Defendants have violated New York Labor Law § 198 and are liable to the Named Plaintiffs and other members of the putative class in an amount to be determined at trial, interest, attorneys' fees and costs.

**FOURTH CAUSE OF ACTION AGAINST DEFENDANTS:
<u>NYLL FAILURE TO PAY MINIMUM WAGES</u>**

73. The Named Plaintiffs repeat and incorporate by reference all preceding paragraphs.

74. Pursuant to 12 NYCRR 137-1.2, "[t]he basic minimum hourly rate shall be: (a) $5.15 per hour on and after March 31, 2000; (b) $6.00 per hour on and after January 1, 2005; (c) $6.75 per hour on and after January 1, 2006; (d) $7.15 per hour on and after January 1, 2007; (e) $7.25 per hour on and after July 24, 2009; or, if greater, such other wage as may be established by Federal law pursuant to 29 U.S.C. section 206 or any successor provisions."

75. Pursuant to Labor Law § 651, the term "employee" means "any individual employed or permitted to work by an employer in any occupation."

76. As persons employed for hire by Defendants, the Named Plaintiffs and other members of the putative class are "employees," as understood in Labor Law § 651.

77. Pursuant to Labor Law § 651, the term "employer" includes any "any individual, partnership, association, corporation, limited liability company, business trust, legal representative, or any organized group of persons acting as employer."

78. As entities that hired the Named Plaintiff and other members of the putative class, the Corporate Defendants constitute "employers."

79. Upon information and belief, pursuant to New York Labor Law §§ 650 *et seq.* and the cases interpreting same, Anthony Marchese and Peter Sills are "employer(s)."

80. New York Labor Law § 663, provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

81. In failing to pay the Named Plaintiffs and other members of the putative class minimum wages for all hours worked, Defendants violated Labor Law §§ 650, *et seq*. and 663, and 12 NYCRR 137-1.2.

82. Upon information and belief, Defendants' failure to pay the Named Plaintiffs and other members of the putative class minimum wages was willful.

83. By the foregoing reasons, Defendants have violated New York Labor Law §§ 650 *et seq*. and 663 and 12 NYCRR 137-1.2 and are liable to the Named Plaintiffs and other members of the putative class who performed work for Defendants within the State of New York in an amount to be determined at trial, liquidated damages, interest, attorneys' fees and costs.

### FIFTH CAUSE OF ACTION AGAINST DEFENDANTS: NYLL OVERTIME COMPENSATION LAW

84. The Named Plaintiffs repeat and incorporate by reference all preceding paragraphs.

85. Title 12 NYCRR §137-1.3 requires that "[a]n employer shall pay an employee for overtime at a wage rate of 11/2 times the employee's regular rate for hours worked in excess of 40 hours in one workweek."

86. The Named Plaintiffs and, upon information and belief, other members of the putative class worked more than forty (40) hours a week while working for Defendants.

87. The Named Plaintiffs and, upon information and belief, other members of the putative class did not receive the New York statutory overtime compensation for all hours worked after the first forty (40) hours of work in a week in violation of 12 NYCRR §137-1.3.

88. Consequently, by failing to pay to the Named Plaintiffs and other members of the putative class overtime compensation, Defendants violated New York Labor Law §§ 663 and 12 NYCRR § 137-1.3.

89. Defendants' failure to pay Named Plaintiffs and members of the putative class overtime compensation was willful.

90. By the foregoing reasons, Defendants have violated New York Labor Law §§ 663

and 12 NYCRR § 137-1.3 and are liable to the Named Plaintiffs and other members of the putative class in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

### SIXTH CAUSE OF ACTION AGAINST DEFENDANTS: <br> NEW YORK SPREAD OF HOURS LAW

91. The Named Plaintiffs repeat and incorporate by reference all preceding paragraphs.

92. Title 12 NYCRR § 146-1.6 requires that "On each day on which the spread of hours exceeds 10, an employee shall receive one additional hour of pay at the basic minimum hourly rate."

93. Defendants failed to pay the Named Plaintiffs and the members of the putative class "spread of hours" compensation.

94. Upon information and belief, Defendants' failure to pay "spread of hours" compensation was willful.

95. By the foregoing reasons, Defendants have violated 12 NYCRR § 146-1.6 and are liable to the Named Plaintiffs and other members of the putative class in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

### SEVENTH CAUSE OF ACTION <br> NEW YORK IMPROPER PAY STUBS AND DOCUMENTATION

96. The Named Plaintiffs repeat and incorporate by reference all preceding paragraphs.

97. Pursuant to New York Labor Law §§ 198-1(d) and 195 and 12 NYCRR § 146-2.2 and 2.3, an employer is required to provide its employee with a paystub that accurately reflects the rate of pay, the hours worked and the amounts deducted. The paystubs must include: the

employee's rate or rates of pay; the overtime rate of pay, if the employee is subject to overtime regulations; the basis of wage payment (per hour, per shift, per week, piece rate, commission, etc.); any allowances the employer intends to claim as part of the minimum wage including tip, meal, and lodging allowances; the regular pay day; the employer's name and any names under which the employer does business (DBA); the physical address of the employer's main office or principal place of business and, if different, the employer's mailing address ; and the employer's telephone number.

98. According to New York Labor Law § 198-1(d), the Named Plaintiffs and members of the putative class are entitled to $250 for each work day in which they did not receive a pay stub, and up to a maximum of $5,000.

99. The Named Plaintiffs and other members of the putative class did not receive paystubs each week that they worked.

100. By the foregoing reasons, Defendants have violated New York Labor Law §§ 198-1(d) and 195 and 12 NYCRR § 146-2.2 and 2.3 and are liable to the Named Plaintiffs and members of the putative class in an amount to be determined at trial, plus interest, attorneys' fees and costs.


**WHEREFORE**, the Named Plaintiffs, individually and on behalf of all other persons similarly situated who were employed by Defendants demand judgment:

(1) on their first cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, plus interest, attorneys' fees and costs,

(2) on their second cause of action, against Defendants in an amount to be determined

at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, plus interest, attorneys' fees and costs,

  (3) on their third cause of action against Defendants in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs, pursuant to the cited Labor Law sections;

  (4) on their fourth cause of action against Defendants in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs, pursuant to the cited Labor Law sections;

  (5) on their fifth cause of action against Defendants in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs, pursuant to the cited Labor Law sections;

  (6) on their sixth cause of action against Defendants in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs, pursuant to the cited Labor Law sections;

  (7) on their seventh cause of action against Defendants in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs, pursuant to the cited Labor Law sections; and

  (8) Such other and further relief the Court deems just and proper.

Dated: New York, New York
   May 18, 2017

         VIRGINIA & AMBINDER, LLP

         By: s/Lloyd R. Ambinder, Esq.
           Lloyd R. Ambinder, Esq.
           LaDonna M. Lusher, Esq.
           Esq. Leonor Coyle, Esq.

40 Broad Street, 7th Floor
New York, New York 10004
212-943-9080
212-943-9082 (fax)

*Attorneys for the Named Plaintiffs and Putative Class*