

40 Broad Street, 7th Floor
New York, New York 10004
Telephone: 212.943.9080
www.vandallp.com

**Leonor H. Coyle**
Senior Associate
lcoyle@vandallp.com

October 5, 2018

**VIA ECF**
Honorable Ramon E. Reyes, Jr
United States Magistrate Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  Re: *Jimenez Zagal et al. v. Nostrand Meat Corp. et al.*,
     **Case No. 1: 17cv3019 (RER)**

Dear Judge Reyes:

  We represent Named Plaintiffs Constantino Jimenez Zagal and Stephanie Liriano, as well as opt-in Plaintiffs Ana Maria Rosales, Gonzalo Abundis, Jose Alfredo Gonzalez and Oscar Mendez (collectively "Plaintiffs") in the above-referenced action. This letter is respectfully submitted on consent of all parties for approval of the negotiated Settlement Agreement (attached hereto as Exhibit A). For the reasons set forth below, the parties represent that the Settlement Agreement is fair and reasonable and is in accordance with the standard set forth by the Second Circuit in *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199 (2d Cir. 2015).

  A. **Procedural Background**

  This action was commenced on May 18, 2017 to recover alleged unpaid minimum wages, overtime compensation and spread of hours compensation, under the Fair Labor Standards Act ("FLSA") and New York State Labor Laws ("NYLL") and damages for Defendants' failure to provide proper wage notices and pay stubs to Plaintiffs who performed work for Defendants Nostrand Meat, Corp. d/b/a The Meat Place, Nostrand II Meat Corp., d/b/a The Meat Place Plus, Anthony Marchese and Peter Sills (collectively "Meat Place" or "Defendants")1 [Docket No. 1.] After extended settlement negotiations, the parties have agreed to settle this matter as a non-collective/class action for the Named Plaintiffs Constantino Zagal Jimenez and Stephanie Loriano, and Opt-in Plaintiffs Ana Maria Rosales, Gonzalo Abundis, Jose Alfredo Gonzalez and Oscar Mendez. Through the diligent efforts of Plaintiffs' counsel, Plaintiffs have recovered a significant amount of their allegedly unpaid wages.

---

1 On September 19, 2018, we were informed by Defendants that Named Defendant Meat Palace Corp. has no connection to Defendants, and has therefore been omitted from this settlement agreement.

2



### B. The Settlement Agreement is Fair and Reasonable

Plaintiffs seek final approval of the Settlement Agreement reached in this case, pursuant to the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 2015 U.S. App. LEXIS 13815 (2d Cir. Aug. 7, 2015) (holding that, "the FLSA falls within the 'applicable federal statute' exception under Rule 41" and therefore, "Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the DOL to take effect."). The Court in *Cheeks* recognized that requiring the approval of the district court or the DOL is consistent with the purposes of the FLSA, including its primary remedial purpose of "prevent[ing] abuses by unscrupulous employers, and remedy[ing] the disparate bargaining power between employers and employees." *Id*. at *20. As set forth in further detail below, and in accordance with *Wolinksy v. Scholastic Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012), the parties are in agreement that this settlement is fair, reasonable, consistent with the underlying purposes of the FLSA, and is the product of equal bargaining.

As articulated in *Wolinksy*, when assessing the fairness of a settlement, a court should consider the totality of circumstances including but not limited to several factors such as: (1) the range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement "is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion. *Wolinksy*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc.*, No. 10 Civ. 3214, 2010 U.S. Dist. LEXIS 75098 (S.D.N.Y. July 23, 2010)). Based on an analysis of these factors, the parties are confident that the negotiation process was conducted at arm's length and should pass this Court's scrutiny.

### C. The Settlement Negotiations Occurred at Arm's Length

Defendants maintain Plaintiffs did not work as many hours as alleged in the Complaint, and that they were paid according to applicable state and federal laws. Although Defendants have provided payroll records for Plaintiffs, they are sparse and not entirely reliable in Plaintiffs' counsels' opinion. As such, Plaintiffs relied, in part, exclusively on their own recollections to comprise approximate damage calculations.

Based on damages calculation prepared on the basis of Plaintiffs' allegations and in part on a sample of Defendants' payroll documents, Plaintiffs are owed collectively approximately $58,622.152 exclusive of liquidated damages. However, three critical factors described below weighed heavily on Plaintiffs' decision to settle for the abovementioned lesser amount.

---

2 It should be noted that plaintiffs in this case settled with defendants for approximately two and one half years of unpaid wages by way of a DOL investigation and settlement (that period of time was thus not included in Plaintiffs' damages calculations)



First, although Plaintiffs believe their claims to be meritorious, Plaintiffs understand that in order to possibly obtain a larger monetary amount, they would have to continue with the litigation and possibly be deposed and/or testify at trial. Plaintiffs do not wish to continue litigating the case, and are relieved to be able to end the litigation. Plaintiffs are unsophisticated, foreign-born workers who do not speak English, and on numerous occasions expressed their anxiousness to resolve this case without resorting to protracted discovery and a possible trial.

Second, Defendants' maintain that Plaintiffs worked significantly less hours than averred in the Complaint, that they were paid correctly for all hours worked, and that witnesses would support their position should the matter head to trial.  This presents a significant risk for Plaintiffs, who would likely have difficulty articulating their claims at trial and would potentially encounter credibility issues that would impact the outcome at trial.

Considering the issues enumerated above and the uncertainty of recovering damages at trial, Plaintiffs' counsel believes that this settlement is a fair result and should thus be approved. See e.g. *Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3, 11 Civ. 465 (KBF) (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.") (internal citations omitted).  Most importantly, the Plaintiffs understand the situation, are satisfied with the settlement amount, and voluntarily and willingly entered into the settlement agreement.

Consequently after extensive negotiations, the parties were able to arrive at a Settlement Agreement for $51,500.00, whereby Plaintiffs will receive $31,500.00, with the remaining $20,000.00 to cover attorneys' fees and costs.  The total sum is payable in thirteen monthly installments, with a first installment of $17,150.00 due within 10 days after this Court's approval of the Settlement Agreement, and the remaining amount due over 12 equal monthly installments of $2,862.50 the first of each month. The parties were able to resolve the dispute relatively quickly, and thereby avoided continued costly litigation.

D. **Plaintiffs' Counsel Is Entitled to Reasonable Attorneys' Fees and Costs**

The standard for awarding attorneys' fees and costs is one of reasonableness. "Determining a 'reasonable attorney's fee' is a matter that is committed to the sound discretion of a trial judge." *Husain v. Springer*, No. 97 CV 2982 (NG) (CLP), 2013 U.S. Dist. LEXIS 37134, 15-16 (E.D.N.Y. 2013) (citing *Perdue v. Kenny A.*, 559 U.S. 542, 130 S.Ct. 1662, 1676 (2010)). In considering an application for attorneys' fees and costs, the Second Circuit determines a "presumptively reasonable fee" which is "the rate a paying client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty of Albany¸* 522 F.3d 182, 190 (2d Cir. 2008). The presumptively reasonable fee is determined by reference to the number of hours reasonably expended on the litigation multiplied by the reasonable fee to be charged for those hours. *See generally Bliven v. Hunt*, 579 F.3d 204, 213 (2d Cir. 2009). In calculating this fee, courts generally consider the prevailing market rate for similar services by lawyers of "reasonably comparable skill,



experience and reputation." *Cho v. Koam Medical Services, P.C.*, 524 F. Supp. 2d 202, 206 (E.D.N.Y. Nov. 30, 2007); *see also Simmons v. N.Y. City Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) (holding that courts should use the hourly rates employed in the district where the case is heard).

Plaintiffs' Counsel zealously litigated this case, including the successful negotiation of a settlement on behalf of Plaintiffs, and is thus entitled to reasonable attorneys' fees and costs expended as a result of litigating this action. As stated by the 2nd Circuit in *Lunday v. City of Albany*, 42 F.3d 131, 134 (2d Cir. N.Y. 1994):

> This court declines to second guess experienced counsel in deciding whether the hours devoted to research, drafting, interviewing, and consulting were necessary. To engage in such detailed hour by hour review is to demean counsel's stature as officers of the court and I have no intention of substituting my after-the-fact judgment for that of counsel who engaged in whatever research and other activities they felt necessary.

Here, the protracted negotiation of the matter resulted in many hours of work by attorneys, and paralegals. Throughout this time, Plaintiffs' Counsel met and communicated regularly with the Plaintiffs, drafted and filed pleadings, reviewed payroll documents, calculated damages, and drafted all settlement related documents, including the present motion. [See Exhibit 2, Virginia & Ambinder's Contemporaneous Billing Statement, attached hetero.] In performing these tasks, Plaintiffs' Counsel expended approximately 196.70 hours of attorney, paralegal, and staff member time – an aggregate lodestar of $39,642.50. [See Exhibit 2.] These hours are reasonable and were compiled from contemporaneous time records maintained by each attorney, paralegal, and support staff participating in the case. Moreover, Plaintiffs' Counsel undertook to prosecute this action without any assurance of payment for their services, litigating this case on a wholly contingent basis in the face of significant risk.

Plaintiffs' Counsel also expended $785.63 in out-of-pocket expenses. "Attorneys may be compensated for reasonable out-of-pocket expenses incurred and customarily charged to their clients, as long as they were 'incidental and necessary to the representation' of those clients." *In re Indep. Energy Holdings PLC Sec. Litig.*, 302 F. Supp. 2d 180, 183 n.3 (S.D.N.Y. 2003) (internal citation and quotation marks omitted). Here, Plaintiffs' Counsel incurred actual expenses of $785.63 for costs such as court filing and process server fees. [See Exhibit 2.] These expenses were incidental and necessary to the representation of Plaintiffs.

Plaintiffs' attorneys have submitted an itemized compilation of their time and expense records for the Court's consideration on this motion. [See Exhibit 2.] Plaintiffs' Counsel is seeking approval of $20,000.00 in attorneys' fees and costs, constituting slightly over 33.3% of the total settlement sum, and approximately one half of the sum of our bills to date.

E. **Plaintiffs' Counsel's Hourly Rates Are Reasonable in Light of Their Qualifications**

5



Plaintiffs' Counsel's ("V&A") hourly rates are reasonable. "The 'presumptively reasonable fee' for an attorney's work is what a reasonable client would be willing to pay for that work." *Husain*, No. 97 CV 2982 (NG) (CLP), 2013 U.S. Dist. LEXIS 37134 at 16 (*quoting Arbor Hill*, 522 F.3d 182, at 190).

The vast majority of V&A's clients are low wage hourly workers without the means to pay for legal services.  Numerous courts have determined what a reasonable client would pay for V&A to represent them in a wage and hour action if such a client had sufficient means, including when challenged by opposing counsel.  *See e.g. Perez et al. v. AC Roosevelt Food Corp. et al.* (EDNY 10-cv-4824) (in contested fee application, Judge Gleeson approving hourly rates of $525.00 for partner Lloyd Ambinder, $395.00 for associate Leonor Coyle, $225.00 for accountant Maria Tokarz, and $125.00 for paralegals); *Kalloo v. Unlimited Mech. Co. of NY*, 977 F. Supp. 2d 209 (E.D.N.Y. 2013) (in contested fee application after successful bench trial, Judge Gershon approving Plaintiffs' Counsel's voluntarily reduced billing rates of $495.00 for partners, $325.00 for associates, and $100.00 for paralegals); *Paguay v. Barbasso, Inc.*, (S.D.N.Y. 11-CV-6266) (in contested fee application after successful jury trial, Judge Caproni approving $525.00 for Lloyd Ambinder, $365.00 for Leonor Coyle, $200.00 for Alison Genova, and $125.00 for paralegals "[i]n light of Virginia & Ambinder's extensive experience litigating wage and hour claims and the successful outcome achieved for their client); *Espinoza v. 953 Assocs. LLC*, 280 F.R.D. 113, 130 (S.D.N.Y. 2011) (Judge Shira A. Scheindlin approving partners at $550 per hour, associates at $395.00 per hour, and paralegals at $125.00 per hour); *Garcia et al. v. The Executive Club* (S.D.N.Y. 10-cv-1545) (Judge Stein approving same hourly wage rates); *Sandoval et al. v. Galaxy Gen. Contr. Corp., et al.*, No. 10-cv-5771 (S.D.N.Y. Aug. 23, 2013) (Judge Gardephe approving same); *Aparicio v. Iguana New York LTD*. (SDNY 11-cv-1830) (Judge Pauley approving partners at $550 per hour, associates at up to $425 per hour, and paralegals at $125 per hour).

Partner James Murphy ("JM") is a 2001 graduate of the Cornell University School of Industrial and Labor Relations, and a 2004 graduate of Fordham University School of Law. Mr. Murphy routinely represents V&A at the appellate level and successfully argued a case of first impression before the New York Court of Appeals.  Mr. Murphy has been a guest lecturer at the Nassau County Bar Association teaching Continuing Legal Education classes in wage and hour law. Prior to joining V&A, Mr. Murphy worked on union organizing campaigns for international unions such as the United Auto Workers and the former Union of Needletrades and Industrial Textile Employees. Mr. Murphy billed at a rate of $400.00 per hour for work performed in connection with this matter.

Partner LaDonna M. Lusher is a 1997 graduate of West Virginia State University and a 2004 graduate of the University of Baltimore School of Law.  Ms. Lusher has been practicing for over eleven years exclusively in litigation of employment and wage and hour claims and has represented tens of thousands of workers. She also routinely serves as V&A's appellate counsel and has successfully won multiple appeals in the First and Second Departments. Prior to joining V&A, Ms. Lusher clerked for the Honorable Timothy E. Meredith of the Court of Special Appeals



in Annapolis, Maryland. She has authored several articles on employee rights, including an article on the rights of unpaid interns that was published in U.S. News & World Report. Ms. Lusher has been a panelist at multiple symposiums, and a featured guest speaker lecturing on minimum wage, overtime laws, unpaid internships and class actions. Ms. Lusher is also a board member of the Center for Frontline Retail, and the Autism Legal Foundation, Inc., a non-profit organization where she provides counsel related to discrimination in housing, employment and other areas faced by adults on the autism spectrum. Ms. Lusher bills at a rate of $400.00 per hour and is referred to as "LML" or "LL" on billing records

V&A billed me, Leonor Coyle ("LC"), at $375.00 per hour.  I am a 2006 graduate of Fordham University School of Law, and a recipient of the Archibald R. Murray Cum Laude Award for my commitment to public service.  I have represented tens of thousands of workers in employment related matters.  I am a fluent Spanish speaker and regularly speak about employment issues facing immigrant populations at the Mexican, Guatemalan, Colombian, Ecuadoran, Salvadorian, and Honduran consulates, as well as at many not-for-profit organizations in the New York area. Prior to joining V&A, I worked as an Assistant District Attorney for the Suffolk County District Attorney's Office.  I have extensive courtroom experience, and have tried numerous bench and jury trials.

V&A paralegals and support staff bill out at a rate of $125.00 per hour.

That other courts in the Second Circuit have already approved similar rates is an important factor for a court to consider.  *See Asare v. Change Group N.Y., Inc.*, 2013 U.S. Dist. LEXIS 165935, 49-51 (S.D.N.Y. Nov. 15, 2013) (approving requested rates in part because other courts within the Second Circuit had approved these hourly rates). V&A's rates are also on par with other highly specialized employment attorneys.  *See Id.* (Judge McMahon approving rates of $750 per hour for partner time; $300 to $500 per hour for associates and $150 per hour for paralegal/staff time); *Willix v. HeathFirst Inc.*, 2011 U.S. Dist. LEXIS 21102, at *15-17 (E.D.N.Y. Feb. 18, 2011) (approving rates of $740 per hour for partners and $400 per hour for associates where "[c]lass [c]ounsel have substantial experience prosecuting and settling employment class actions, including wage and hour class actions, and are well-versed in wage and hour law and in class action law."); *See Trs. of the Local 807 Labor Management Health Fund v. M&M Bldg. Prods.*, 2010 U.S. Dist. LEXIS 31467 (E.D.N.Y. Mar. 17, 2010) (approving $125 per hour for paralegal work).

V&A has substantial experience prosecuting wage and hour class and collective actions, and has represented thousands of workers to recover unpaid wages.[3] V&A's highly specialized

---

[3] *See Espinoza v. 953 Assocs. LLC*, 280 F.R.D. 113, 129-130 (S.D.N.Y. 2011) (Scheindlin, J.); *Lujan v. Cabana Management, Inc.*, Index No. 10-cv-755 (E.D.N.Y. Feb. 1 2011) (Block, J.); *Zepeda et al. v. Franari Produce Distributors Inc., et al.*, (EDNY 10-cv-2588) (Bianco, J.); *Kopacz, et al. v. St. Paul Fire and Marine Insurance Co., et al.*, Index No.: 111154-2008 (Sup.Ct.N.Y.Co. 2011); *Dabrowski v. ABAX Inc.*, 2010 84 A.D.3d 633 (N.Y. App. Div. 1st Dep't 2011); *Cardona v. The Maramont Corporation*, 2009 NY Slip Op 32695U (Sup.Ct.N.Y.Co. Nov. 12, 2009); *Kudinov v. Kel-Tech Construction Inc.,* 65 A.D.3d 481 *(1st Dept.* 2009); *Morris v. Alle Processing, Corp.*, Docket No. 08-CV-4874 (E.D.N.Y. Dec. 22, 2009); *Nawrocki v. Crimson Construction*, Docket No. 08-CV-3153 (E.D.N.Y. June 17, 2009); *Cox v. Nap Construction Company, Inc.*, Index No. 11179/03 (Sup. Ct. N.Y. Co. 2004) (Cahn, J.), aff'd, 10 N.Y.3d 592 (2008); *Galdamez v. Biordi Constr. Corp.*, 13 Misc. 3d 1224A (Sup.Ct.N.Y.Co. June



employment practice and esteemed reputation in the community warrants their hourly rates. Many of the wage and hour cases litigated by V&A have resulted in seminal decisions that are routinely cited by courts throughout the country. For example, V&A represented plaintiffs in *Guzman v. VLM, Inc.*, 2007 U.S. Dist. LEXIS 75817 (E.D.N.Y. October 11, 2007) and 2008 U.S. Dist. LEXIS 15821 (E.D.N.Y. Mar. 2, 2008). This seminal decision pertaining to collective and class certification in wage and hour cases has been cited by courts in the Second Circuit in over 75 published opinions, as well as district courts in the First, Third, Fourth, Fifth, Seventh, Eight, and Tenth Circuits. V&A has also argued other first impression cases which have had a strong influence on employment law in New York and New Jersey. *See Cox v. Nap Construction Company, Inc.*, Index No. 11179/03 (Sup. Ct. N.Y. Co. 2004) (Cahn, J.), *aff'd*, 10 N.Y.3d 592 (2008); *De La Cruz v. Caddell Dry Dock & Repair Co., Inc.*, 21 N.Y.3d 530 (2013).

Numerous courts have commented on V&A's vast experience as employment litigators, and efficient representation. *See Dabrowski v. Abax Inc.*, 84 A.D.3d 633, 634, 923 N.Y.S.2d 505 (N.Y. App. Div. 2011) (observing that Plaintiffs' Counsel "has demonstrated its expertise and zealous representation of the plaintiffs here, as well as in prior class action cases which have reached this court on appeal"); *Morris v. Alle Processing Corp.*, 2013 U.S. Dist. LEXIS 64534, 34-35 (E.D.N.Y. May 6, 2013) ("With respect to the qualifications and experience of plaintiffs' counsel, Virginia and Ambinder LLP, the Court finds that they are experienced labor and employment litigators who have successfully represented employees in numerous wage and hour class and collective action lawsuits."); *Garcia v. Exec. Club LLC*, 2012 U.S. Dist. LEXIS 189823 (S.D.N.Y. May 10, 2012) ("Class Counsel have experience prosecuting and settling employment class actions, including wage and hour class actions and are well-versed in wage and hour law and in class action law."); *Montenegro v. Gita Properties, LLC*, Docket No.12-CV-01669 (BMC) (E.D.N.Y. Sept. 9, 2012) (Judge Cogan commending Plaintiffs' Counsel for the "professional and efficient manner in which they handled the case…..").[4]

V&A is highly respected by employment counsel in the New York metropolitan area and continues to receive influential decisions that help shape the wage and hour landscape. V&A's hourly rates are therefore reasonable and should be approved. It is respectfully requested that this Court grant Plaintiffs' unopposed motion for final approval of this FLSA Settlement inclusive of

---

8 2006), *aff'd* 50 A.D.3d 357 (Apr. 8, 2008); *Gonzalez v. Nicholas Zito Racing Stable, Inc.*, 2008 U.S. Dist. LEXIS 27598 (E.D.N.Y. Mar. 31, 2008); *Guzman v. VLM, Inc.*, 2008 U.S. Dist. LEXIS 15821 (S.D.N.Y. Mar. 2, 2008); *Pajaczek v. Cema Constr. Corp.* 2008 NY Slip Op 50386U (Sup.Ct.N.Y.Co. Feb. 21, 2008); *De La Cruz v. Caddell Dry Dock & Repair Co., Inc.*, Index No.: 26220-2002 (Sup.Ct. Bronx.Co. Jan. 9, 2007); *Brandy v. Canea Mare Construction, Inc.*, 4 A.D.3d 512 (2nd Dept. 2006); *Wysocki v. Kel-Tech Construction, Inc.*, Index No.: 603591-2003 (Sup.Ct.N.Y.Co. Sept. 26, 2005); *Velez v. Majik Cleaning Serv.*, 2005 U.S. Dist. LEXIS 709 (S.D.N.Y. Jan. 19, 2005); *Alfaro v. Vardaris Tech, Inc.*, 69 A.D.3d 436 (1st Dept. 2010); *Barone v. Safway Steel Products, Inc.*, 2005 WL 2009882 (E.D.N.Y. 2005); *Brunson v. City of New York*, 94 Civ. 4507 (S.D.N.Y.); *Andrejuk v. National Environmental Safety Co. Inc.*, 94 Civ. 4638 (S.D.N.Y.); *Pesantez v. Boyle Environmental Services, Inc.*, Index No. 128988/93 (Sup. Ct. N.Y. Co. 1998) (Cahn, J.), *aff'd* 251 A.D.2d 11, 673 N.Y.S.2d 659 (1st Dept. 1998).

[4] The *Montenegro* action was handled by V&A *pro bono* along with Make the Road New York. Judge Cogan noted that "plaintiff's attorneys have the special recognition of the Court for taking on this difficult matter on a *pro bono* basis. We need more lawyers like the ones I saw in this case." *Id*.

8



attorneys' fees and costs in the amount of $20,000.00 constituting slightly more than 33.3% of the total settlement sum, and approximately one-half of our bills to date, and for any other further relief as this Court sees fit.

                                      Respectfully Submitted,

                                      /s/ Leonor Coyle, Esq.

Cc: Michael Chong, Esq.